UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRAZIL,<br><br>        Plaintiff,<br><br>    v.<br><br>VALENZUELA,<br><br>        Defendant. | Case No. 25-cv-09800-EKL<br><br>**ORDER GRANTING MOTIONS TO REOPEN AND TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND ORDERING SERVICE**<br><br>Re: ECF Nos. 2, 12 |

Plaintiff John Brazil, a state detainee proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 challenging conditions at the West County Detention Facility. ECF No. 1. On March 23, 2026, the Court terminated Brazil's pending motion to proceed *in forma pauperis* and dismissed the complaint without prejudice after Brazil failed to provide the Court with an updated address. *See* ECF Nos. 2, 11.

On April 2, 2026, Brazil filed a motion to reopen this matter and provided an updated address. ECF No. 12. The Court GRANTS Brazil's motions to reopen (ECF No. 12) and to proceed *in forma pauperis* (ECF No. 2). The complaint is therefore before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For following reasons, the Court ORDERS SERVICE of the complaint.

## I.    LEGAL STANDARDS

### A.    Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.     Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.     PLAINTIFF'S ALLEGATIONS

In his complaint, Brazil alleges that on September 17, 2025, he and Contra Costa County Sheriff Deputy Valenzuela (#89328) had a verbal altercation over a bottle Brazil had placed on a

chair inside the jail dayroom.  ECF No. 1 at 2-3.  Valenzuela allegedly became aggressive, and Brazil asked him "'why he was acting like a bitch?'"  *Id.* at 3.  In response, Valenzuela allegedly "unnecessarily restrained" Brazil and placed him in handcuffs.  *Id.*  Brazil followed Valenzuela's instructions to get down; despite this, Valenzuela "bent [Brazil's] already cuffed arms up past his head causing muscular tearing in the right bicep and right forearm."  *Id.*  Valenzuela also allegedly "stomped" on Brazil's head, causing Brazil to become unconscious.  *Id.*  Following the incident, Brazil experienced physical pain, scars from rug burns on his face and forehead, fear, and panic attacks.  *Id.*  Brazil seeks monetary damages.  *Id.*

## III.    ANALYSIS

For claims of excessive force, the applicable constitutional standard depends on whether the plaintiff has been convicted of a crime at the time force was used.  *See Castro v. Cnty. Of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016).  It is not clear from Brazil's filings whether he was a pretrial detainee or had been convicted at the time of the alleged incident.  If the incident occurred while he was a pretrial detainee, his claim arises under the Fourteenth Amendment's due process clause.  If Brazil was serving a criminal sentence at the time of the incident, his claim arises under the Eighth Amendment's cruel and unusual punishment clause.

The Fourteenth Amendment's protection for pretrial detainees is broad and prohibits "excessive force that amounts to punishment."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  *Id*. at 396-97.  On the other hand, the Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton infliction of pain" on a convicted prisoner.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liberally construed, Brazil's claim that Valenzuela deliberately lifted Brazil's arms up to the point of causing muscular tearing and then "stomped" on Brazil's head states a cognizable claim of excessive force under either standard.  ECF No. 1 at 3.  The parties may determine the appropriate standard through the discovery process.

## IV.    CONCLUSION

The Court orders as follows:

United States District Court
Northern District of California

United States District Court
Northern District of California

1. Brazil's motions to reopen his case (ECF No. 12) and to proceed *in forma pauperis* (ECF No. 2) are GRANTED.

2. Brazil states a cognizable claim of excessive force against Valenzuela.

3. Contra Costa Sheriff Deputy Valenzuela (#89328) shall be SERVED. The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the complaint (ECF No. 1) with attachments, and copies of this order on Valenzuela at the West County Detention Facility, located at 5555 Giant Highway, Richmond, CA, 94806.

4. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

   a. No later than **90 days** from the date of service, Valenzuela will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Valenzuela is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Brazil.

   b. At the time the dispositive motion is served, Valenzuela will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

   c. Brazil's opposition to the dispositive motion, if any, will be filed with the Court and served upon Valenzuela no later than **28 days** from the date the motion was served upon him. Brazil must read the attached page headed "NOTICE --

4

WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Valenzuela files a dispositive motion claiming that Brazil failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Brazil should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    d. If Valenzuela wishes to file a reply brief, he shall do so no later than **14 days** after the opposition is served upon him.

    e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

5. All communications by Brazil with the Court must be served on Valenzuela, or Valenzuela's counsel once counsel has been designated, by mailing a true copy of the document to Valenzuela or Valenzuela's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

7. It is Brazil's responsibility to prosecute this case. Brazil must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 16, 2026

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.